

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHRISTOPHER WILSON AND CAMILIA BOOKER,

    Plaintiffs

v.

KEITH PRICE AND THE CITY OF HARVEY,

    Defendants.

No. 08 C 7199

The Honorable William J. Hibbler

## MEMORANDUM OPINION AND ORDER

This lawsuit arises from an altercation at Midnight Auto Express in the City of Harvey. Christopher Wilson alleges that Keith Price, an alderman for the City of Harvey, punched him, broke his jaw and left him unconscious. Wilson sues Price and the City of Harvey, alleging that Price deprived him of his Constitutional rights in violation of 42 U.S.C. § 1983. Wilson also raises a number of state law claims against Price and the City of Harvey. The Defendants move to dismiss, arguing that Price cannot state a claim under § 1983 and that the Court should decline to exercise supplemental jurisdiction over the remaining state law claims.

### I. Factual Background

In May 2008, Price received several calls from constituents complaining that cars were parked illegally on the parkway in front of Midnight Auto Express, in the City of Harvey. Price attempted to contact someone with the City to move these illegally parked cars, but could not get a response (perhaps because he called after 6:30 p.m. on a Friday, according to the Complaint). After his failed effort, Price drove to Midnight Auto.

1

When Price arrived, he encountered Wilson, who was working at the repair shop, and demanded that Wilson move the cars. Wilson refused, and Price exited his car, ordering Wilson to summon the owner. Wilson told Price to find the owner himself and turned away. Angered, Price punched Wilson in the head, fracturing his jaw and rendering him unconscious.

## II. Standard of Review

The Court may dismiss a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Under the notice-pleading requirements of the Federal Rules of Civil Procedure, a complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombley*, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although a complaint need not provide detailed factual allegations, mere conclusions and a "formulaic recitation of the elements of a cause of action" will not suffice. *Bell Atlantic*, 127 S.Ct. at 1964-1965. A complaint must include enough factual allegations to "raise a right to relief above a speculative level." *Bell Atlantic*, 127 S.Ct. at 1965. "After *Bell Atlantic*, it is no longer sufficient for a complaint 'to *avoid foreclosing* possible bases for relief; it must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir.2008) (quoting *Equal Employment Opportunity Comm'n v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir.2007)). In considering a motion to dismiss, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *Tricontinental Indus., Ltd. v. Price WaterhouseCoopers*, 475 F.3d 824, 833 (7th Cir. 2007).

## III. Discussion

The Defendants argue that the § 1983 claims against them fail because Wilson has pleaded facts that demonstrate that Price was not acting under color of the law. When a plaintiff brings a claim under § 1983, he must show that the offender acted under the color of the law. *Estate of Sims v. County of Bureau*, 506 F.3d 509, 515 (7th Cir. 2007); *Valentine v. City of Chicago*, 452 F.3d 670, 682 (7th Cir. 2006). In this context, courts do not consider every action by a state actor to occur "under color" of the law. *Honaker v. Smith*, 256 F.3d 477, 484 (7th Cir. 2001) (citing *Hughes v. Meyer*, 880 F.2d 967, 971 (7th Cir. 1989)). Instead, a state actor acts under color of the law when his act involves a misuse of power "possessed by virtue of state law and made possible only when the wrongdoer is clothed with the authority of state law." *United States v. Classic*, 313 U.S. 299, 326, 61 S.Ct. 1031, 85 L.Ed 1368 (1941); *see also Honaker*, 256 F.3d at 484. As a result, state officials do not act under color of the law unless their act relates to the performance of the duties of the state office. *Honaker*, 256 F.3d at 485; *Gibson v. City of Chicago*, 910 F.2d 1510, 1516 (7th Cir. 1990).

The Defendants argue that Price exceeded his authority as an alderman when he confronted Wilson at the auto repair shop. Wilson argues that Price was performing a duty related to his position as an alderman by responding to his constituents' complaints. The Defendants' argument too narrowly defines acts taken under the color of the law, while Wilson's too broadly defines such acts.

Officials who violate a person's civil rights, by definition, have exceeded their authority. Acting under color of the law means under "pretense" of the law, and officials who undertake to perform official duties acts under the color of the law "whether they hew to the line of their authority or overstep it." *Screws v. United States*, 325 U.S. 91, 111, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945). Thus, Defendants' argument that Price could not have been acting under the color of the law because he

3

exceeded the scope of his authority poses the wrong question, for all violations of a person's civil rights exceed the authority of any state actor.

At the same time, however, the concept of acting under the "pretense" of law "does not encompass the actions of an official who possessed *absolutely no authority* to act but nonetheless assumed the position of an imposter in pretending that he did." *Gibson*, 910 F.2d at 1518 (emphasis in original); *see also Vanderlinde v. Brochman*, 792 F. Supp. 52, 55 (N.D. Ill. 1992) (pointing out that firefighters who implied they were police officers did not *possess* authority to act under color of the law). Thus, contrary to Wilson's argument, Price did not act under color of the law merely because he undertook a task related to responding to his constituents' complaints. Instead, the Court must look to whether Price acted pursuant to authority granted to him by virtue of his position as an alderman. In other words, Price's actions must be related to the authority conferred on him, even though the actions might not be permitted by that authority. *Mainor v. Chicago Transit Authority*, No. 03 C 9102, 2005 WL 3050604, *5 (N.D. Ill. Nov. 15, 2005).

Where officials act pursuant to authority necessary to perform their official duties, courts have found those officials to act under color of the law. For example, a judge who forged a plaintiff's signature on a plea agreement, falsely arraigning, convicting, and sentencing the plaintiff for theft, acted under color of the law; judges possess the authority to arraign, try, and convict persons charged with criminal activity. *Lopez v. Vanderwater*, 620 F.2d 1229, 1236 (7th Cir. 1980). Similarly, paramedics who forcibly removed a plaintiff from an ambulance acted under color of the law; paramedics are charged with transporting persons in ambulances, which includes placing them in and removing them from the ambulance. *Cole v. City of Chicago*, No. 06 C 4704, 2008 WL 68687, *4 (N.D. Ill. Jan. 4, 2008).

On the other hand, where officials do not possess any authority to act, even lawfully, courts have found their actions to be those of private citizens and not state actors. Officials cannot misuse power they do not possess. For example, a court found that a game warden who reported an alleged crime to state police did not act under the color of the law. Although the game warden had the authority to enforce the state's gaming laws, he possessed no authority with regard to the general enforcement of state law, and his act was like that of any other private citizen reporting a crime. *Hughes*, 880 F.2d at 972. Similarly, elected officials, who had not yet been sworn into office, did not act under color of state law in allegedly causing a plaintiff's termination because they lacked the power to terminate anyone prior to taking office. *Burrell v. City of Mattoon*, 378 F.3d 642, 649 (7th Cir. 2004). Even when officials misappropriate power and claim authority they do not possess, they do not become state actors acting under the color of the law. Firemen who impersonated police officers and apprehend and beat plaintiff did not act under color of the law because their position as fireman did not grant them any authority to arrest citizens who damage property. *Vanderlinde*, 702 F. Supp. at 55.

In this case, Wilson alleges that Price came to the auto repair shop at the behest of several citizens of Harvey. Price then attempted to effectuate the removal of certain cars, parked illegally on the street, and when that attempt failed he attempted to take the law into his own hands. Price, however, did not possess the authority to issue a traffic citation or to arrest Wilson for refusing to move the cars. That authority is vested with the police, not a city alderman. Price's position as an alderman granted him the authority to write legislation, but nothing more. 65 ILCS 5/6-4-6. Wilson is correct that responding to the complaints of constituents is "related" to Price's duties as an alderman. Price's authority to act, however, is limited to enacting legislation in response to those complaints, not to act as a private police force to enforce the laws of the city. In this sense, Price's actions are similar to those

of the fireman in *Vanderlinde* who did not act under color of the law. In short, nothing about Price's position as an alderman cloaked him in authority that enabled him to violate Wilson's civil rights. Price had no power to exploit, and his mere desire to pander to the electorate did not transform him from an alderman into a police officer with the power to detain or arrest the citizens of Harvey.

The Court holds that Wilson cannot state a claim that Price acted under the color of the law and DISMISSES Counts I and II of his Complaint with prejudice.

Wilson's remaining claims all arise under state law. Section 1367(c)(3) provides that when a court has dismissed all claims over which it has original jurisdiction, it may decline to exercise supplemental jurisdiction over remaining state law claims. 28 U.S.C. § 1367(c)(3). In determining whether to decline jurisdiction, courts consider judicial economy, convenience, fairness, and comity. *Hanson v. Bd. of Trustees of Hamilton Southeaster Sch. Corp.*, 551 F.3d 599, 607-08 (7th Cir. 2008);. Nothing in the Court's decision regarding Wilson's § 1983 claims touches upon the merits of his state law claims. No judicial or party resources have been used to address those state law claims. Wilson makes no argument that relinquishing jurisdiction over the state law claims would be unfair. Therefore, the Court finds that the principle of comity encourages the Court to relinquish jurisdiction of Wilson's state law claims. The Court DISMISSES Counts III-V without prejudice.

IT IS SO ORDERED.

6/30/09
Dated

Hon. William J. Hibbler
United States District Court

6